## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOVANNI GEORGE,

        Plaintiff,

v.

BITUMAR (GEORGIA), INC.

        Defendant.

CIVIL ACTION FILE NO.

## NOTICE OF REMOVAL

COMES NOW Bitumar (Georgia), Inc. ("Defendant") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above-styled action to the United States District Court for the Northern District of Georgia, Atlanta Division, and in support thereof, Defendant shows this Court as follows:

1.

This is a personal injury matter arising out of an incident, involving Plaintiff Jovanni George, that occurred at Defendant's asphalt refinery and supply facility in Douglasville, Georgia on May 21, 2021.

2.

The original suit, styled as <u>Jovanni George v. Bitumar (Georgia), Inc.</u>, Civil Action No. 22-C-01624-S5 was filed in the State Court of Gwinnett County, Georgia on March 18, 2022 and served on defendant on March 22, 2022.

3.

Copies of the Complaint and of all other documents which are or may be required to be filed along with this petition pursuant to 28 U.S.C. § 1446(a) are attached hereto as Exhibit "A."

4.

This petition is filed within the time frame specified in 28 U.S.C. § 1446(b). (Ex. A).

5.

Defendant is a Delaware corporation with its principal place of business in Georgia.  Plaintiff is a citizen of the State of Georgia. (*See* Compl., Ex. A).

6.

Plaintiff alleges to have incurred in excess of $206,900 in medical expenses. (*See* Demand, Ex. B).  In the Complaint, Plaintiff also seeks pain and suffering, lost wages, and future medical expenses. (*See* Compl., Ex. A).[1]

7.

In light of the foregoing, there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8.

Defendant requests and consents to the removal of this action.

9.

The Atlanta Division of the Northern District of Georgia includes Gwinnett County, Georgia.

10.

Accordingly, the action filed in the State Court of Gwinnett County, Georgia is one over which this Court has original jurisdiction under the provisions of 28

---

[1] Based on the allegations contained in Plaintiff's Complaint, Defendant has good faith basis to believe the amount in controversy exceeds $75,000 pursuant to 28 U.S. Code O.C.G.A. § 1332. However, in an abundance of caution, Defendant has included additional information concerning Plaintiff's alleged injuries contained in a Demand Letter dated March 28, 2022, attached as Exhibit B.

U.S.C. § 1332.  Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

11.

Defendant will this date transmit for filing a copy of the Notice of Removal to the Clerk of the State Court of Gwinnett County, Georgia pursuant to 28 U.S.C. § 1446(d).

12.

Defendant will this date give written notice of the filing of this Notice of Removal to adverse parties as required by 28 U.S.C. § 1446(d).

13.

All conditions precedent to removal have been satisfied.

WHEREFORE, Defendant prays that the above entitled action now pending in the State Court of Gwinnett County, Georgia be removed therefrom to this Court.[2]

SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE, LLP

/s/ Morgan B. Schroeder
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant*

900 Circle 75 Parkway, Suite 850
Atlanta, GA  30339
Telephone:  (770) 612-9200
Facsimile: (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

---

[2] The undersigned counsel certifies that this pleading has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

## **CERTIFICATE OF SERVICE**

This is to certify that I have this date presented the foregoing **NOTICE OF REMOVAL** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

Robert M. Hammers, Jr., Esq.
Christopher Carter, Esq.
Schneider Hammers, LLC
5555 Glenridge Connector
Suite 975
Atlanta, GA 30342

Katherine Edwards-Opperman
Montlick & Associates, P.C.
17 Executive Park Drive
Suite 300
Atlanta, GA 30329

This 20 day of April, 2022.

/s/ Morgan B. Schroeder
Morgan B. Schroeder

JS44 (Rev. 10/2020 NDGA)

# CIVIL COVER SHEET

The JS44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket record. (SEE INSTRUCTIONS ATTACHED)

## I. (a) PLAINTIFF(S)

Jovanni George

## DEFENDANT(S)

Bitumar (Georgia), Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED**
PLAINTIFF_____Newton_____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED
DEFENDANT_____Gwinnett_____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL ADDRESS)

Schneider Hammers, LLC
Robert M. Hammers, Jr. & Christopher Carter
5555 Glenridge Connector, Suite 975
(770)-900-9000
rob@schneiderhammers.com

**ATTORNEYS** (IF KNOWN)

Glenn S. Bass & Morgan B. Schroeder
900 Circle 75 Parkway, Suite 850
Atlanta, GA  30339
Telephone:  (770) 612-9200
gbass@scrudderbass.com;mschroeder@scrudderbass.com

## II. BASIS OF JURISDICTION
(PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1. U.S. GOVERNMENT PLAINTIFF
- [ ] 2. U.S. GOVERNMENT DEFENDANT
- [ ] 3. FEDERAL QUESTION (U.S. GOVERNMENT NOT A PARTY)
- [x] 4. DIVERSITY (INDICATE CITIZENSHIP OF PARTIES IN ITEM III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY)

| | PLF | DEF | | PLF | DEF | |
|---|---|---|---|---|---|---|
| | [x] 1 | [ ] 1 | CITIZEN OF THIS STATE | [ ] 4 | [ ] 4 | INCORPORATED OR PRINCIPAL PLACE OF BUSINESS IN THIS STATE |
| | [ ] 2 | [ ] 2 | CITIZEN OF ANOTHER STATE | [ ] 5 | [x] 5 | INCORPORATED AND PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE |
| | [ ] 3 | [ ] 3 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 6 | [ ] 6 | FOREIGN NATION |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 ORIGINAL PROCEEDING
- [x] 2 REMOVED FROM STATE COURT
- [ ] 3 REMANDED FROM APPELLATE COURT
- [ ] 4 REINSTATED OR REOPENED
- [ ] 5 TRANSFERRED FROM ANOTHER DISTRICT (Specify District)
- [ ] 6 MULTIDISTRICT LITIGATION - TRANSFER
- [ ] 7 APPEAL TO DISTRICT JUDGE FROM MAGISTRATE JUDGE JUDGMENT
- [ ] 8 MULTIDISTRICT LITIGATION - DIRECT FILE

## V. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE - DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. § 1332

**(IF COMPLEX, CHECK REASON BELOW)**

- [ ] 1. Unusually large number of parties.
- [ ] 2. Unusually large number of claims or defenses.
- [x] 3. Factual issues are exceptionally complex
- [ ] 4. Greater than normal volume of evidence.
- [x] 5. Extended discovery period is needed.
- [ ] 6. Problems locating or preserving evidence
- [ ] 7. Pending parallel investigations or actions by government.
- [ ] 8. Multiple use of experts.
- [ ] 9. Need for discovery outside United States boundaries.
- [x] 10. Existence of highly technical issues and proof.

## CONTINUED ON REVERSE

| FOR OFFICE USE ONLY | | | | |
|---|---|---|---|---|
| RECEIPT #_____ | AMOUNT $_____ | APPLYING IFP_____ | MAG. JUDGE (IFP)_____ | |
| JUDGE_____ | MAG. JUDGE_____ (Referral) | NATURE OF SUIT_____ | CAUSE OF ACTION_____ | |

## VI. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT - "0" MONTHS DISCOVERY TRACK**
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (Excl. Veterans)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS

**CONTRACT - "4" MONTHS DISCOVERY TRACK**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 151 MEDICARE ACT
- [ ] 160 STOCKHOLDERS' SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**TORTS - PERSONAL INJURY - "4" MONTHS DISCOVERY TRACK**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [x] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MEDICAL MALPRACTICE
- [ ] 365 PERSONAL INJURY - PRODUCT LIABILITY
- [ ] 367 PERSONAL INJURY - HEALTH CARE/ PHARMACEUTICAL PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**TORTS - PERSONAL PROPERTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**BANKRUPTCY - "0" MONTHS DISCOVERY TRACK**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**CIVIL RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 440 OTHER CIVIL RIGHTS
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS with DISABILITIES - Employment
- [ ] 446 AMERICANS with DISABILITIES - Other
- [ ] 448 EDUCATION

**IMMIGRATION - "0" MONTHS DISCOVERY TRACK**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**PRISONER PETITIONS - "0" MONTHS DISCOVERY TRACK**
- [ ] 463 HABEAS CORPUS- Alien Detainee
- [ ] 510 MOTIONS TO VACATE SENTENCE
- [ ] 530 HABEAS CORPUS
- [ ] 535 HABEAS CORPUS DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS - Filed Pro se
- [ ] 555 PRISON CONDITION(S) - Filed Pro se
- [ ] 560 CIVIL DETAINEE: CONDITIONS OF CONFINEMENT

**PRISONER PETITIONS - "4" MONTHS DISCOVERY TRACK**
- [ ] 550 CIVIL RIGHTS - Filed by Counsel
- [ ] 555 PRISON CONDITION(S) - Filed by Counsel

**FORFEITURE/PENALTY - "4" MONTHS DISCOVERY TRACK**
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**LABOR - "4" MONTHS DISCOVERY TRACK**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT. RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY and MEDICAL LEAVE ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL. RET. INC. SECURITY ACT

**PROPERTY RIGHTS - "4" MONTHS DISCOVERY TRACK**
- [ ] 820 COPYRIGHTS
- [ ] 840 TRADEMARK
- [ ] 880 DEFEND TRADE SECRETS ACT of 2016 (DTSA)

**PROPERTY RIGHTS - "8" MONTHS DISCOVERY TRACK**
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATIONS (ANDA) - a/k/a Hatch-Waxman cases

**SOCIAL SECURITY - "0" MONTHS DISCOVERY TRACK**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS - "4" MONTHS DISCOVERY TRACK**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS - THIRD PARTY 26 USC 7609

**OTHER STATUTES - "4" MONTHS DISCOVERY TRACK**
- [ ] 375 FALSE CLAIMS ACT
- [ ] 376 Qui Tam  31 USC 3729(a)
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 430 BANKS AND BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC.
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS
- [ ] 480 CONSUMER CREDIT
- [ ] 485 TELEPHONE CONSUMER PROTECTION ACT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT 899
- [ ] 899 ADMINISTRATIVE PROCEDURES ACT / REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

**OTHER STATUTES - "8" MONTHS DISCOVERY TRACK**
- [ ] 410 ANTITRUST
- [ ] 850 SECURITIES / COMMODITIES / EXCHANGE

**OTHER STATUTES - "0" MONTHS DISCOVERY TRACK**
- [ ] 896 ARBITRATION (Confirm / Vacate / Order / Modify)

**\* PLEASE NOTE DISCOVERY TRACK FOR EACH CASE TYPE. SEE LOCAL RULE 26.3**

---

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF CLASS ACTION UNDER F.R.Civ.P. 23   DEMAND $_____

JURY DEMAND [x] YES [ ] NO  (CHECK YES ONLY IF DEMANDED IN COMPLAINT)

## VIII. RELATED/REFILED CASE(S) IF ANY

JUDGE_____   DOCKET NO._____

CIVIL CASES ARE DEEMED RELATED IF THE PENDING CASE INVOLVES:  (CHECK APPROPRIATE BOX)
- [ ] 1. PROPERTY INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 2. SAME ISSUE OF FACT OR ARISES OUT OF THE SAME EVENT OR TRANSACTION INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 3. VALIDITY OR INFRINGEMENT OF THE SAME PATENT, COPYRIGHT OR TRADEMARK INCLUDED IN AN EARLIER NUMBERED PENDING SUIT.
- [ ] 4. APPEALS ARISING OUT OF THE SAME BANKRUPTCY CASE AND ANY CASE RELATED THERETO WHICH HAVE BEEN DECIDED BY THE SAME BANKRUPTCY JUDGE.
- [ ] 5. REPETITIVE CASES FILED BY PRO SE LITIGANTS.
- [ ] 6. COMPANION OR RELATED CASE TO CASE(S) BEING SIMULTANEOUSLY FILED (INCLUDE ABBREVIATED STYLE OF OTHER CASE(S)):

- [ ] 7. EITHER SAME OR ALL OF THE PARTIES AND ISSUES IN THIS CASE WERE PREVIOUSLY INVOLVED IN CASE NO. _____, WHICH WAS DISMISSED. This case [ ] IS [ ] IS NOT (check one box) SUBSTANTIALLY THE SAME CASE.

---

/s/ Morgan B. Schroeder                                                04/20/2022

**SIGNATURE OF ATTORNEY OF RECORD**                          **DATE**

GEORGIA



# GEORGIA
# CORPORATIONS
# DIVISION

GEORGIA SECRETARY OF STATE

# BRAD RAFFENSPERGER

**HOME (/)**

## BUSINESS SEARCH

### BUSINESS INFORMATION

| | | | |
|---|---|---|---|
| Business Name: | **BITUMAR (GEORGIA), INC.** | Control Number: | **16031082** |
| Business Type: | **Foreign Profit Corporation** | Business Status: | **Active/Compliance** |
| NAICS Code: | **Any legal purpose** | NAICS Sub Code: | |
| Principal Office Address: | **7982 Huey Road, Douglasville, GA, 30134, USA** | Date of Formation / Registration Date: | **4/1/2016** |
| Jurisdiction: | **Delaware** | Last Annual Registration Year: | **2022** |

### REGISTERED AGENT INFORMATION

Registered Agent Name: **C T Corporation System**

Physical Address: **289 S Culver St, Lawrenceville, GA, 30046-4805, USA**

County: **Gwinnett**

### OFFICER INFORMATION

| Name | Title | Business Address |
|---|---|---|
| JEAN LUSSIER | CEO | 7982 Huey Road, Douglasville, GA, 30134, USA |
| SYLVAIN OUELLETTE | CFO | 7982 Huey Road, Douglasville, GA, 30134, USA |
| SYLVAIN OUELLETTE | Secretary | 7982 Huey Road, Douglasville, GA, 30134, USA |

Back

Filing History     Name History

Return to Business Search

CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**22-C-01624-**
3/18/2022 5:48 I
TIANA P. GARNER, CLI

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Jovanni George**

PLAINTIFF

VS.

**Bitumar (Georgia), Inc.**

DEFENDANT

CIVIL ACTION
NUMBER:_____

22-C-01624-S5

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Robert M. Hammers, Jr.
Schneider Hammers, LLC
5555 Glenridge Connector Suite 975
Atlanta, Georgia 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **18th** day of **March**, 20**22**.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

CLERK OF STATE CO
GWINNETT COUNTY, GEOF
**22-C-01624**
**3/18/2022 5:48**
TIANA P. GARNER, CL

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOVANNI GEORGE,                          )
                                         )
        Plaintiff,                       )
                                         )                    22-C-01624-S5
v.                                       )        CIVIL ACTION
                                         )        FILE NO. _____
BITUMAR (GEORGIA), INC.,                 )
                                         )
        Defendants.                      )
_____)

## COMPLAINT FOR DAMAGES

COMES NOW Jovanni George, Plaintiff in the above-styled action, and files his

Complaint for Damages against Defendant Bitumar (Georgia), Inc., and shows this Court as

follows:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Jovanni George  is a resident of, a citizen of, and is domiciled in Newton

County, Georgia.

2.

Defendant Bitumar (Georgia), Inc. ("Bitumar") is a Delaware corporation, licensed to do

business in Georgia, with its principal place of business located at 7982 Huey Road,

Douglasville, Georgia 30134. Bitumar's registered agent for service of process is CT

Corporation System located at 289 S. Culver Street, Lawrenceville, Georgia 30046. When said

agent is served with copies of the Summons and Complaint in this matter, Defendant Bitumar

will be subject to the jurisdiction and venue of this Court. Defendant Bitumar has been properly

served in this matter.

## THE INCIDENT

3.

Defendant Bitumar owns, operates, and controls the asphalt refinery and supply facility ("Douglasville Facility") located at 7982 Huey Road, Douglasville, Georgia, in Douglas County, which is the location of the incident that is the subject of this Complaint.

4.

Defendant Bitumar is in the business of refining raw material into asphalt and supplying asphalt to contractors, generally in the business of road construction and roofing.

5.

One of Defendant Bitumar's customers is Lincoln Trucking, Inc. ("Lincoln"). Plaintiff Jovanni George is a Lincoln employee.

6.

On or about May 24, 2021, Mr. George arrived at the Douglasville Facility to acquire a tanker truck of asphalt product number 64-22: a very hot, toxic, and dangerous raw material. Defendant Bitumar knew then and knows now of the dangerous properties of the asphalt it sells.

7.

After arriving at the Douglasville Facility, Mr. George checked in at the guard station and submitted his paperwork to purchase a load of 64-22 asphalt for a customer. Defendant Bitumar's employee responsible for keying in the order information failed to input 64-22, and instead, Defendant's employee negligently input product 76-22 into the system that tells the refinery tanks which product to dispense to the customer.

8.

Mr. George then proceeding to the loading station, opened the tanker hatch, input his key card for the order, and dispensed the extremely hot asphalt into the tanker as he had on many occasions prior to May 24, 2021.

9.

After loading the truck with the 76-22 asphalt, Mr. George returned to the guard station to check out.  At or around that time, it was discovered Mr. George had loaded the wrong product. Defendant Bitumar instructed him to go to the unloading station to pump out the wrong 76-22 asphalt so that he could reload the tanker with the appropriate 64-22 asphalt.

10.

Mr. George received no training or instructions from Defendant Bitumar regarding how to safely unload asphalt products from his tanker. In fact, Mr. George was not supposed to even assist with unloading the asphalt according to Defendant Bitumar's own internal policies. Despite the policy and the lack of training and instructions, Defendant Bitumar instructed Mr. George to assist in the unloading process. Further, when he arrived at the unloading station and got out of his truck, Defendant Bitumar failed to supply Mr. George with personal protective equipment ("PPE") or require he use his own appropriate PPE before beginning the unloading process.

11.

At and around the time of the incident, Defendant Bitumar had written procedures and training materials for its own employees, including field operators responsible for the unloading process, but Defendant Bitumar never provided any training or materials to truckers like Mr.

George regarding the unloading process, the hazards of asphalt, and the type of PPE necessary to protect a person from injuries and/or illnesses caused by handling asphalt materials.

12.

Following Defendant Bitumar's instructions, Mr. George assisted field operators in unloading the wrong 76-22 asphalt from Mr. George's tanker by opening the tanker hatch and valve. Defendant Bitumar employees connected a camlock reducer and hose assembly to the tanker so that a pump could remove the asphalt. During the process, internal pump pressure began to rise, so Defendant Bitumar employees frantically instructed Mr. George to turn off the tanker valve. As he attempted to close the valve, the camlock reducer failed and exploded, sending piping hot black asphalt spewing out from the failed hose. The gush of liquid flowed onto his skin, into his eyes, and was breathed into his body forcing him to endure scalding hot asphalt burning his body. After being hit with the hot, spewing asphalt, Mr. George fell to the ground screaming until Defendant Bitumar employees could douse him with cold water.

13.

The camlock reducer fitted to the hose assembly connecting the tanker to the pump system failed because Defendant Bitumar abused the product, failed to properly maintain it, and/or failed to regularly inspect it for damage or comprised conditions.

14.

Neither Mr. George nor Lincoln were responsible in any way for coding the wrong product for dispersal, the camlock reducer failing, and being unable to stop the spiking internal pressure of the pump due to the lack of an internal relief valve within the pump.

15.

Neither Mr. George nor Lincoln were responsible in any way for ensuring Defendant Bitumar followed its own internal policies and procedures for unloading asphalt, failing to provide training and instructions to truckers like Mr. George regarding the hazards of asphalt and proper safety procedures, and allowing Mr. George in the unloading zone during the unloading process, especially without proper PPE.

16.

Neither Mr. George nor Lincoln could have, through the exercise of ordinary care, known that the camlock reducer was compromised from abuse and neglect as well as that the pump had no internal relief valve to decrease pressure in a crisis situation before Mr. George began assisting Defendant Bitumar employees with the unloading process.

17.

Mr. George's injuries were not proximately caused by his actions or inactions.

18.

Mr. George's injuries were not proximately caused by the actions or inactions of Lincoln.

## **COUNT I – NEGLIGENCE**

19.

Mr. George realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant Bitumar was responsible for properly inputting the correct product into the asphalt loading system before Mr. George began loading the asphalt into his tanker.

21.

Defendant Bitumar was responsible, in whole or in part, for:

(a)     Inputting the correct asphalt product into the computerized loading system;

(b)     Ensuring all truckers and other personnel not employed by Defendant Bitumar on the premises followed safe loading and unloading procedures established by the company, including providing or requiring personnel to wear appropriate PPE;

(c)     Inspecting, maintaining, and replacing the camlock reducer and hose assembly used during the unloading process; and

(d)     Enforcing company policies and procedures preventing personnel other than Defendant Bitumar employees from assisting in the unloading process.

22.

Defendant Bitumar was aware of the dangerous nature of hot asphalt and knew the severe consequences that could result if it came into contact with a person.

23.

Defendant Bitumar knew or should have known that if pressure built up in the pump during the unloading process that the pump system had no internal relief valve and that the camlock reducer and hose assembly could fail if it was not properly maintained and regularly inspected for damage.

24.

Defendant Bitumar knew that if proper PPE was not required and used that a person coming into contact with hot asphalt could suffer severe injuries from burns.

25.

Defendant Bitumar knew that the unloading process was dangerous and should only be performed by trained and authorized field operators.

26.

Defendant Bitumar was negligent and was the factual cause of the injuries, harm, damages, and losses of Mr. George in that Defendant Bitumar:

(a)   Failing to input the correct asphalt product into the computerized loading system;

(b)   Not ensuring all truckers and other personnel not employed by Defendant Bitumar at the Douglasville Facility followed safe loading and unloading procedures established by the company, including providing personnel with correct PPE and requiring it be worn;

(c)   No having an internal relief valve within the pump system;

(d)   Not inspecting, maintaining, and replacing the camlock reducer and hose assembly used during the unloading process; and

(e)   Not enforcing company policies and procedures preventing personnel other than trained Defendant Bitumar field operators from assisting in the unloading process.

## COUNT II – PREMISES LIABILITY

27.

Mr. George realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

28.

Defendant Bitumar is the owner and occupier of the Douglasville Facility where Mr. George was injured.

29.

Under O.C.G.A. § 51-3-1, Defendant Bitumar must keep its premises safe for people who come onto its property for any lawful purpose.

30.

At all times material hereto, Defendant Bitumar knew, or by the exercise of due diligence could have or should have known, that the camlock reducer was damaged and not fit for its intended purpose, that Mr. George was not permitted to be in the unloading area during unloading process, and that anyone that may come in contact with hot asphalt should wear appropriate PPE.

31.

At all times material hereto, Defendant Bitumar negligently failed to exercise due care to properly maintain, inspect, and repair or replace any damaged or compromised camlock reducer and hose assembly.

32.

At all times material hereto, Defendant Bitumar negligently failed to warn invitees that a danger existed on the premises and negligently failed to alert Mr. George to the dangerous hot asphalt that would severely burn him if he entered the unloading area after pressure escalated in the pump system during the unloading process.

33.

At all times material hereto, Mr. George exercised ordinary care in looking out for his own safety.

34.

At all times material hereto, Mr. George could not, through the exercise of ordinary care for his own safety, know the risk associated with the pump having no internal relief valve and/or determine if the camlock reducer and hose assembly were not safe for their intended use when asked by Defendant Bitumar to assist in the unloading process.

35.

Defendant Bitumar was negligent and was the factual cause of the injuries, harm, damages, and losses of Mr. George in that Defendant Bitumar failed to keep its premises reasonably safe for Mr. George.

## COUNT III – NEGLIGENT HIRING, RETENTION, AND SUPERVISION

36.

Mr. George realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

37.

Defendant Bitumar owed a duty to exercise ordinary care in hiring, retaining, qualifying, and supervising its employees working with truckers loading and unloading asphalt.

38.

Defendant Bitumar owed a duty to exercise ordinary care in hiring and retaining qualified individuals to properly perform the job duties associated with loading and unloading asphalt.

39.

Defendant Bitumar failed to exercise ordinary care in hiring, retaining, qualifying, and supervising its employees by failing to instruct, train, and warn truckers and other customers

regarding safe loading of asphalt, the proper use of PPE, and to avoid the hazardous area during the unloading process.

40.

Defendant Bitumar violated its own policies in hiring, retaining, qualifying, and supervising its employees involved in the asphalt loading and unloading procedures.

41.

Defendant Bitumar was negligent in failing to properly train its employees on how to safely load and unload asphalt in the Douglasville Facility to ensure they were competent to perform the duties of their position.

42.

Defendant Bitumar was negligent in failing to properly supervise its employees and failed to correct dangerous conditions which posed a foreseeable risk of danger to Mr. George.

43.

Defendant Bitumar negligently refused to adopt and follow appropriate policies and procedures related to safely loading and unloading asphalt.

44.

Defendant Bitumar was negligent and was the factual cause of the injuries, harm, damages, and losses of Mr. George in that Defendant Bitumar failed to enforce its own policies and properly hire, train, retain, and supervise its employees on safe loading and unloading procedures.

## INJURIES AND COMPENSATORY DAMAGES

45.

Mr. George realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

- 10 -

46.

Mr. George suffered catastrophic, severe, and permanent injuries as a direct and proximate result of his prolonged exposure to the hot asphalt. Among other things, Mr. George has suffered—and continues to suffer from—severe burns to his body (including his face, ears, neck, hands, and legs) requiring debridement and grafts. Mr. George has also suffered damage to his lungs, damage to his eyes, scarring, redness, loss of sensation, and permanent physical disfigurement.

47.

As a direct and proximate result of the Defendant Bitumar's negligence, Mr. George has endured severe pain and suffering, including mental and emotional pain and suffering.

48.

As a direct and proximate result of the Defendant Bitumar's negligence, Mr. George has incurred significant medical expenses, suffered loss earnings, and Mr. George will continue to incur these loses for years to come, if not for the rest of his life.

## ATTORNEYS' FEES AND EXPENSES PURSUANT TO O.C.G.A § 13-6-11

49.

Mr. George realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

50.

Defendant Bitumar's actions evidence a species of bad faith, and Defendant Bitumar was and is stubbornly litigious and has caused Plaintiff Jovanni George undue expense. Thus, Mr. George is entitled to recover his necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action, pursuant to O.C.G.A. § 13-6-11, as well as any other statutory or common law basis.

**PUNITIVE DAMAGES**

51.

Mr. George hereby incorporates and realleges all preceding statements and allegations in Paragraphs 1 to 51 of this Complaint as if expressly set forth herein.

52.

Defendant Bitumar demonstrated gross neglect and an entire want of care evidencing a reckless indifference and conscious disregard to the consequences of its actions, which included an extreme degree of risk. Plaintiff Jovanni George is entitled to an award of punitive damages to deter Defendant Bitumar from such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. George prays for the following relief:

(a)    That Mr. George recover all legally compensable damages that were inflicted by Defendant Bitumar, which he suffered in the past and he will continue to suffer in the future, including but not limited to, compensation for physical pain, emotional distress, mental anguish, disfigurement, physical impairment, lost wages, lost earning capacity, pecuniary loss, medical expenses, property damage, and any additional damages, including attorneys' fees;

(b)    That punitive damages be awarded against Defendant Bitumar in an amount sufficient to punish them for the harm caused by their reckless disregard for the consequences of its actions and to deter it from similar future misconduct;

(c)    That Mr. George recover his reasonable attorneys' fees and expenses of litigation authorized by O.C.G.A. § 13-6-11;

(d)     That Mr. George recover pre-judgment and post-judgment interest as allowed by

        applicable law;

(e)     That Mr. George recover his costs of suit;

(f)     That Mr. George have a trial by jury; and

(g)     For such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of March, 2022.

                                        */s/ Robert M. Hammers, Jr.*
                                        Robert M. Hammers, Jr.
                                        Georgia Bar No. 377211
                                        Christopher Carter
                                        Georgia Bar No. 529712
                                        *Attorneys for Plaintiffs*

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

                                        */s/ Katherine Edwards-Opperman*
                                        Katherine Edwards-Opperman
                                        Georgia Bar Number 241460
                                        *Attorney for Plaintiff*

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**22-C-01624-**
3/18/2022 5:48 I
TIANA P. GARNER, CLE

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of <u>Gwinnett State Court</u>          **County**

| For Clerk Use Only | 22-C-01624-S5 |
|---|---|
| **Date Filed** _____  **MM-DD-YYYY** | **Case Number** _____ |

**Plaintiff(s)**
George, Jovanni

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Bitumar (Georgia),Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Robert M Hammers          **State Bar Number** 337211          **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
**Case Number**          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

CLERK OF STATE COU
GWINNETT COUNTY, GEOR
**22-C-01624-**
3/18/2022 5:48 I
TIANA P. GARNER, CLI

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of  Gwinnett                County

| For Clerk Use Only | | |
|---|---|---|
| | Case Number | 22-C-01624-S5 |
| Date Filed _____ | Case Number _____ | |
| **MM-DD-YYYY** | | |

**Plaintiff(s)**

Jovanni          George

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Bitumar (Georgia) Inc.,

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney**  Rob M. Hammers          **Bar Number** 377211          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
    **Case Number**                  **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.18

CLERK OF STATE CO⁣
GWINNETT COUNTY, GEOR
**22-C-01624**
**3/18/2022 5:48**
TIANA P. GARNER, CLI

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOVANNI GEORGE,                    )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )          CIVIL ACTION      22-C-01624-S5
                                   )          FILE NO. _____
BITUMAR (GEORGIA), INC.,           )
                                   )
    Defendants.                    )
_____)

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

TO: Bitumar (Georgia), Inc.

Pursuant to O.C.G.A. §§ 9-11-33 & 34, Plaintiffs hereby request that Defendant respond separately in writing and under oath as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff at Schneider Hammers LLC located at 5555 Glenridge Connector, Suite 975, Atlanta, Georgia 30342 within forty-five (45) days of service of this written discovery served contemporaneously with the Summons and Complaint. Please include the text of each question/request prior to each response. Plaintiffs will do the same in response to Defendant's discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

### DEFINITIONS AND INSTRUCTIONS

A. These discovery requests shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11-26, *et seq.*, and O.C.G.A. § 24-10-26, *et seq.*, so as to require Defendant to serve or produce upon all parties supplemental answers or documents if Defendant or its attorneys obtain further information between the time the answers are served and the time of

trial. Plaintiff also requests that Defendant produce the originals of each document at trial and any deposition of Defendant or its agents or employees.

B. Each Request is addressed to the personal knowledge of the Defendant, as well as to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives. If Defendant is unable to comply with a Request completely, the Request should be produced as fully as possible. When a Request is directed to Defendant, the Request is also directed to the aforementioned persons. These Requests shall be deemed continuing, and you are under a duty to seasonably supplement or amend a prior response.

C. "Douglasville Facility" means the premises located at 7982 Huey Road, Douglasville, Georgia 30134 owned and operated by Defendant.

D. "Subject Incident" means the circumstances and events of May 24, 2021 at the Douglasville Facility where during the asphalt unloading process the pressure began to rise in the pump causing the camlock reducer and hose assembly used in unloading to, explode, and severely burn Plaintiff Jovanni George.

E. "Person" means any natural person, corporation, partnership, association governmental entity, agency, group, organization, etc.

F. If a requested document is no longer in your possession, custody or control, please identify the document with specificity. If no such information exists to comply with a particular Request, please state that fact. Failure to state that fact will, when that fact is proven, result in an abusive litigation claim.

G. If you object to part of a request, please identify any information or documents withheld containing all information required by Georgia law. If you object to the scope or time

period of the request, please answer the request for the scope or time period you believe is appropriate and include all basis or bases for imposing a limited scope to the request.

H.  If work-product or attorney-client privilege is claimed as to any document or any information responsive to these requests, please identify the information or document(s) to which a privilege is claimed with such particularity and in such a manner that the Court, and not defense counsel unilaterally, may determine whether the document or information is indeed entitled to privileged status.  To support a claim of privilege, for each responsive document to which a privilege is claimed, provide a privilege log setting forth a general description of the document, the author of the document, the recipients of the document (including "cc's"), the date the document was prepared, and the privilege claimed.

## INTERROGATORIES

1.

Do you contend that some other person or company, in whole or in part, is liable to Plaintiff in this matter or is liable, in whole or in part, to you?  Please state "yes" or no."  If your answer is in any way in the affirmative, state the full name, address, and telephone number of that person or company and the specific basis for any such contention(s).

2.

Do you contend that Plaintiff was guilty of any act(s) or failure(s) to act that played any part in causing the injury or damage complained of in the Complaint?  If so, state each specific act (or failure to act) by Plaintiff or any other person that you claim supports your contention.

3.

Describe in detail how you contend the Subject Incident occurred.

3

4.

Identify any and all persons, by name and address, whom you know, or suspect witnessed the subject incident, or came upon the incident scene while the Plaintiff was still present.

5.

Identify all employees, by name, address, current employer, and telephone number all employees employed by the Defendant on May 24, 2021 when Plaintiff was injured at the Douglasville Facility. For each such person, state the person's complete name, last known home address, last known home phone, his or her dates of employment with you, and job description.

6.

State the name, current address and telephone number of all other persons (excluding your attorney(s) and any expert) who to your knowledge, information or belief possess any knowledge concerning either the subject incident or the cause(s) of the subject incident involved herein, one or more of Plaintiff's claims, or one or more of your defenses to Plaintiff's Complaint. For each such person, specify the subject matter(s) about which you know or believe that person to have knowledge and the basis of that person's knowledge.

7.

Identify any and all expert witnesses you expect to call at the trial of this matter (as defined above), providing for each such expert the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

8.

Have you taken, or are you aware of, or have you obtained, any statement, be it oral or in writing, from the Plaintiff, any witness or other person purporting to have knowledge of any

aspect of the Subject Incident?  If so, identify the name of the person who gave the statement, state what was said by such person and state the name, address, and telephone number of anyone who overheard the statement or has possession, custody, or control of such statement, transcript, or summary of such statement.

9.

Please provide the name of the manufacturer, serial number, and product description of the specific camlock reducer involved in the Subject Incident.

10.

Please provide the name of the manufacturer, serial number, and product description of the specific hose involved in the Subject Incident.

11.

Please provide the name of the manufacturer, serial number, and product description of the specific pump involved in the Subject Incident.

12.

Describe any inspections conducted of the area in which Plaintiff was injured before or after the Subject Incident and identify when said inspections occurred and the identity of all employees, agents, third-parties or other persons involved in such inspection and describe the findings.

13.

Describe in detail any conversations you or any of your agents or employees had with Plaintiff following the Subject Incident.

14.

Was an investigation or report made by you or on behalf of you, your representatives, attorneys, or insurers, of or relating to the incident made the basis of this lawsuit? If your answer is in any way in the affirmative, as to each such investigation or report, please state the name, address, job title and description, and telephone number of the person(s) who participated in such investigation or report and who have received and/or currently have custody or control of any written report or other documentation of the investigation.

15.

State whether or not any loading/unloading protocol(s), process(es), policy(ies) and/or procedure(s) were in effect at the Douglasville Facility on the date of the Subject Incident and describe the protocol(s), process(es), policy(ies), and/or procedure(s) and identify any company documents that describe said protocol(s), process(es), policy(ies) and/or procedure(s).

16.

State whether there are one or more policies of insurance extending coverage to you or whether you are a party to or beneficiary of any agreement or contract, by which any person is or may be obligated to satisfy all or part of any judgment which may be entered in this action, or to indemnify or reimburse any person for any cost, expense or payment made in connection with this action. If so, for each such policy of insurance, agreement or contract (specifying which), state the name and current address of each person who is a party or beneficiary (specifying which), the effective dates or date of execution, the substance and content, the applicable limits of liability coverage, and the name and current address of the person(s) having possession thereof.

6

17.

Were there video cameras in place at the Douglasville Facility on the date of the Subject Incident? If so, state the following:

    (a)     Were the cameras operating on the date of the incident?

    (b)     The location of each camera in the subject area and what each camera filmed.

    (c)     Did any camera film the area where Plaintiff was injured?

    (d)     Was the videotape(s) reviewed to see if it filmed the incident? If so, by whom and when?

    (e)     If any such videotape(s) exist, state the current location and custodian.

18.

What is your protocol for retaining videotapes?

    (a)     In the ordinary course of business?

    (b)     In the event of an incident such as an injury on the premises that may lead to a claim being presented to you?

    (c)     Who was responsible for implementing this protocol at the Douglasville Facility on May 24, 2021?

    (d)     Please identify each and every person who examined any video surveillance of the Subject Incident.

19.

Please identify all prior injury accidents at the Douglasville Facility for the three year time period prior to the Subject Incident. "Identify" means to identify the date of the injury, the person(s) involved, the reason for the injury, and whether any Occupational Safety and Health Administration ("OSHA") action was taken.

20.

Please describe all of Defendant's policies and procedures governing the following subjects:

(a)    maintenance of the camlock reducers and hose assemblies;

(b)    maintenance of the unloading pump systems;

(c)    inspections of the camlock reducers and hose assemblies;

(d)    inspections of the unloading pump systems;

(e)    reporting problems with any camlock reducers and hose assemblies;

(f)    reporting problems with the unloading pump systems;

(g)    schedule or protocol for replacing camlock reducers and hose assemblies; and

(h)    schedule or protocol for replacement of unloading pump systems.

21.

Specify what you contend Jovanni George was doing immediately prior to and at the time of the Subject Incident, including specifying who instructed Jovanni to undertake such action, when and why such instruction was given, who was controlling and directing his actions, and who had authority to discharge him from such action.

22.

Identify any training Jovanni George received from Defendant.

## REQUEST FOR PRODUCTION

1.

Any and all agreements, contracts, policies, procedures, correspondence, or documents of any sort pertaining to Lincoln Trucking, Inc. and Bitumar (Georgia), Inc.

2.

Any and all rules, regulations, policies, or procedures developed or implemented by Defendant specifically applicable to truckers like Plaintiff and Lincoln Trucking, Inc.

3.

Any corporate organization chart listing Defendant.

4.

Documents which describe Defendant's purpose, responsibilities, function, and business activities.

5.

This Defendant's employee roster(s) or list(s) from 2020 to present.

6.

A full, complete, and unredacted copy of the full OSHA report pertaining to the investigation, conclusions, and citations performed and completed by the OSHA investigator regarding the Subject Incident.

7.

Any and all non-privileged internal communications regarding the Subject Incident, including, but not limited to, correspondence, memorandum, e-mails, text messages, instant messaging, and software platforms used by Defendant for internal customer resource management. For any and all communications being withheld on the grounds of attorney-client privilege and/or work-product objections, please produce a privilege log in accordance with the instructions *supra*.

8.

Any and all non-privileged external communications regarding the Subject Incident, including, but not limited to, correspondence, memorandum, e-mails, text messages, instant

9

messaging, and software platforms used by Defendant for internal customer resource management. For any and all communications being withheld on the grounds of attorney-client privilege and/or work-product objections, please produce a privilege log in accordance with the instructions *supra.*

9.

Any and all capital expenditures and/or proposals for capital expenditures to repair, replace, or improve the Douglasville Facility.

10.

All documents which reflect the relationship between Defendant and Lincoln Trucking.

11.

The incident report regarding the Subject Incident. This includes, but is not limited to, the report itself, any and all drafts, and any and all ancillary documents, such as video(s), photograph(s), diagram(s), chart(s), illustration(s), reconstruction(s), etc.

12.

All documents reflecting policies, procedures, or rules for employees, contractors, customers, and agents who engage in the type of work taking place at the time of and in the area of the Subject Incident.

13.

All policies and procedures which pertain to communicating the hazards associated with bituminous products refined, supplied, and sold by Defendant to any employee, agent, contractor, and/or customer for the Douglasville Facility, including, but not limited to, Safety Data Sheet ("SDS") for PG 76-22 and PG 64-22.

14.

All work orders, requests for maintenance, repair records, or other similar documents which relate to the subject camlock reducer, hose assembly, unloading pump, or area of the premises involved in the Subject Incident.

15.

All procedure manuals, memos, instruction manuals, rules, and other writings (and electronic files) that pertain to the maintenance, handling, inspection, safe operation, or upkeep of:

(a) equipment such as the camlock reducer and hose assembly involved in the Subject Incident;

(b) equipment such as the unloading pump involved in the Subject Incident;

(b) the Douglasville Facility generally, and/or of the specific area where the Subject Incident took place; or

(c) any truck driver training manuals provided to Plaintiff prior to the date of the Subject Incident.

16.

All and all documents (including electronic files) reflecting any investigation into the Subject Incident, except for materials generated by litigation counsel in this matter.

17.

All procedure manuals, memos, instruction manuals, rules, and other writings (and electronic files) that pertain to the loading and unloading process/procedures.

18.

A copy of the OSHA injury report regarding the Subject Incident.

19.

Any and all OSHA 300 Logs from 2016 to the present.

20.

Any and all HAZCOM training records (including electronic files) from 2016 to the present.

21.

A copy of Defendant's Emergency Action Plan ("EAP") in effect on the date of the Subject Incident.

22.

A copy of Defendant's Corporate Safety Program.

23.

A copy of Defendant's Hazard Communication Plan.

24.

A copy of Chief Operator Job Description.

25.

A copy of the Corporate Occupational Environmental Health & Safety ("EH&S") Program.

26.

A copy of the Hazardous Secondary Material Contingency Plan ("HSMCP").

27.

A copy of the Fire Response Plan ("FRP").

28.

A copy of the Facility Specific Response Plan ("FSRP").

29.

Any and all documents, diagrams, maps, schematics, plans, or drawings of the Douglasville Facility.

30.

All procedure manuals, memos, instruction manuals, videos (including electronic files) that pertain to workplace safety and personal protective equipment ("PPE").

31.

Any documents (including electronic files) reflecting or involving repairs and/or capital improvements that were made or considered, whether implemented or not, in the five (5) years before the Subject Incident.

32.

Any documents reflecting changes or alterations to the subject unloading area, including repairs and/or capital improvements that were made or considered, after the Subject Incident. This includes but is not limited to installing hose assembly poles.

33.

Any documents reflecting consideration of any changes to the equipment involved in the unloading processes in the area where the Subject Incident occurred. Specifically, any document concerning new or different camlock reducers, hoses, and pumps, whether such new equipment was actually purchased or not.

34.

Any documents sufficient to show the name and contact information of any and all permanent, contract, and temporary works including truckers who performed work at the Douglasville Facility on May 24, 2021.

35.

Any safety inspections of the Douglasville Facility by any third-parties.

36.

Any documents pertaining to and/or in regards to maintenance records at the Douglasville Facility from January 1, 2016 to the present. Specifically, for the P311 Unloading/Loading Rack and the P112 Loading/Unloading Racks.

37.

All e-mails or other electronically stored information relating to:

(a)     The Subject Incident;

(b)     Plaintiff Jovanni George;

(c)     Safety hazards in the Unloading/Loading Racks at P311 and/or P112;

(d)     Keying product codes in at the guard station;

(e)     The condition of the camlock reducer and hose assembly at issue;

(f)     The need for repairs to camlock reducer and hose assembly at issue;

(g)     The need for an internal relief valve in the pump at issue; and

(h)     The potential or need for better processes in the Unloading/Loading Racks at P311 and/or P112.

38.

Any documents sufficient to show a list of hazardous chemicals used on site, including copies of all SDS, labeling requirements, storage requirements, and proof of employee training on said program(s).

39.

Any documents sufficient to show Defendant's written assessment for the use of PPE, and conditions that its use and proof of employee/temporary employee/trucker training on said program.

40.

Any documents sufficient to show any and all of Defendant's Job Safety Hazard Analysis ("JSA") related to pumps used in loading/unloading of tanker truck trailers.

41.

All documents reflecting or pertaining to the purchase, repair, sale or maintenance of any pumps at the Douglasville Facility, including, but not limited to, any documents sufficient to show any install, repair, or replacement of any pump system performed to address the lack of an internal relief valve.

42.

All documents which relate to the purchase, rental, maintenance, inspection, or use of the pump system involved in the Subject Incident.

43.

All photographs or video(s) that relate to the Subject Incident or area of the Douglasville Facility involved.

44.

All documents which discuss or reflect policy or procedure changes after the Subject Incident designed to prevent a similar incident from occurring in the future.

45.

All data, media, and testing results related to the Subject Incident, including, but not limited to, those performed on the camlock reducer, the hose assembly, and the stainless steel braiding performed by Defendant or on its behalf by Applied Technical Services ("ATS") Laboratories.

46.

All photographs, videos, diagrams, and testing results regarding the Subject Incident from any other source or third party, including but not limited to, ATS.

47.

All correspondence between Defendant, ATS, and/or any third party (other than litigation counsel for this matter) relating to the Subject Incident.

48.

All witness statements relating to the subject incident.

49.

Any claims or suits alleging serious personal injury (requiring hospitalization) or death on the premises from 2016 to the present.

50.

All claim forms, incident reports, or other documentation evidencing prior or subsequent fires, explosions, or asphalt-related injuries occurring at the Douglasville Facility.

51.

A true and exact copy of the unaltered loading/unloading training requirements provided to Lincoln Trucking, Inc., and a copy of the altered copy provided to OSHA of the same loading/unloading training requirements provided to Lincoln Trucking, Inc.

52.

All OSHA inspections, fines, penalties, findings, or assessments pertaining to the Douglasville Facility from 2016 to the present.

53.

Copies of any and all reports, inner-office memoranda, or other documents relating to matters which are the subject of this Complaint which were prepared in the normal course of business.

54.

Copies of any and all insurance policies and related documents, including the declaration pages, which do or may afford liability insurance coverage to Defendant(s) with regard to Plaintiffs' claims. This request includes primary insurance coverage, excess insurance coverage, or any other type of liability insurance coverage, medical-payments coverage, and documents regarding reservation of rights for same.

55.

All documents evidencing, reflecting, relating to, or constituting any communication between any Defendant and Plaintiff.

56.

All documents that you receive in response to your Requests for Production of Documents to Nonparties.

57.

All reports received from any experts who have investigated any issue relevant to the Subject Incident and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

58.

Any rule, policy, procedure, or directive you contend Plaintiff violated which you contend caused or contributed to the subject incident.

Respectfully submitted,

*/s/ Robert M. Hammers, Jr.*
Robert M. Hammers, Jr.
Georgia Bar No. 377211
Christopher Carter
Georgia Bar No. 529712
*Attorneys for Plaintiffs*

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

*/s/ Katherine Edwards-Opperman*
Katherine Edwards-Opperman
Georgia Bar Number 241460
*Attorney for Plaintiff*

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOVANNI GEORGE,

        Plaintiff,

v.

BITUMAR (GEORGIA), INC.

        Defendant.

CIVIL ACTION FILE NO.

## ANSWER OF DEFENDANT BITUMAR (GEORGIA), INC. TO PLAINTIFF'S COMPLAINT [1]

COMES NOW Defendant Bitumar (Georgia), Inc. (hereinafter "Defendant") and files its Answer to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against this Defendant upon which relief may be granted.

### SECOND DEFENSE

No act or omission of Defendant caused or contributed to the injuries alleged in Plaintiff's Complaint.

---

[1] The undersigned counsel certifies that this Answer has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

**THIRD DEFENSE**

The injuries and damages alleged were not proximately caused by the actions of Defendant, or any of its agents or employees, and accordingly, there can be no recovery from Defendant.

**FOURTH DEFENSE**

Any damages sustained by Plaintiff were the result of the acts or failures to act of a person or persons or entity or entities other than the named Defendant.

**FIFTH DEFENSE**

If Defendant acted or failed to act as alleged in the Complaint, which allegations the Defendant specifically denies, there were separate and intervening acts or failures to act on the part of persons or entities other than the Defendant, or any of its agents or employees, which were the sole proximate cause of any damages sustained by Plaintiff.

**SIXTH DEFENSE**

Plaintiff was negligent and his negligence was equal to or greater than any alleged negligence on the part of Defendant, Defendant specifically denying that it was negligent in any manner.

2

## SEVENTH DEFENSE

While denying any and all allegations of negligence, wrongdoing, fault or liability, Defendant shows that any recovery by or on behalf of Plaintiff for damages must be diminished by the percentage of the total tortious conduct attributable to any other parties and non-parties deemed to be at fault pursuant to the terms and provisions of O.C.G.A. §51-12-33.

## EIGHTH DEFENSE

Plaintiff was negligent and his negligence was the sole proximate cause of any damages Plaintiff may have sustained.

## NINTH DEFENSE

Plaintiff assumed the risk of any injuries that he allegedly sustained.

## TENTH DEFENSE

Plaintiff failed to exercise ordinary care for his own safety.

## ELEVENTH DEFENSE

Plaintiff's claims are barred as a result of his contributory negligence.

## TWELFTH DEFENSE

In responding to the specifically numbered allegations of the Plaintiff's Complaint, Defendant responds as follows:

3

As to the section of the Complaint denominated "Parties, Jurisdiction and Venue":

1.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 1 and accordingly can neither admit nor deny same.

2.

The allegations of paragraph 2 are admitted generally.

As to the section of the Complaint denominated "The Incident":

3.

The allegations of paragraph 3 are generally admitted.

4.

The allegations of paragraph 4 are generally admitted.

5.

In answer to paragraph 5, Defendant admits that Lincoln Trucking, Inc. is one of its customers. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remainder of the allegations contained in paragraph 5 and accordingly can neither admit nor deny same.

4

6.

In answer to paragraph 6, Defendant admits that Plaintiff visited Defendant's facility on multiple occasions on May 24, 2021. Defendant shows that both it and Plaintiff were aware and made aware of the dangers associated with hot asphalt. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the remainder of the allegations contained in paragraph 6 and accordingly can neither admit nor deny same.

7.

In answer to paragraph 7, Defendant admits that the order was inputted incorrectly, but shows that Plaintiff confirmed that allegedly incorrect order prior to loading his own truck.

8.

The allegations of paragraph 8 are generally admitted, however, Defendant also shows that when the Plaintiff inputted his key card for the order he was asked to and did in fact confirm the product that he was loading.

9.

In answer to paragraph 9, the allegations are denied as phrased in that it is Defendant's understanding that Plaintiff realized that he had the incorrect product

while he was loading, but continued to load. Defendant further understands that Plaintiff's employer instructed him to take the load elsewhere, but that Plaintiff refused and instead asked that the product be unloaded.

10.

The allegations of paragraph 10 are denied in that Plaintiff was not asked to assist with unloading the product. The remainder of the allegations of paragraph 10 are denied as phrased.

11.

In answer to paragraph 11, Defendant admits that it had procedures and training for its employees regarding the unloading process. Defendant denies that it was responsible for providing Plaintiff with training for unloading as Plaintiff was not asked to assist with unloading the product and Defendant was not responsible for supplying Plaintiff with PPE.

12.

In answer to paragraph 12, Defendant admits that a camlock reducer failed and admits that asphalt struck the Plaintiff. The remainder of the allegations of paragraph 12 are denied as phrased. Defendant specifically denies instructing Plaintiff to assist in the unloading process.

6

13.

The allegations of paragraphs 13 are denied.

14.

The allegations of paragraph 14 are denied. Plaintiff confirmed which product would be dispensed into his vehicle when he input his key card for the order and Defendant had no control over any issues with Plaintiff's vehicle or its systems.

15.

The allegations of paragraph 15 are denied.

16.

In answer to paragraph 16, Defendant denies that there was any abuse or neglect that caused the camlock reducer to fail. Defendant also denies that Plaintiff exercised ordinary care for his own safety.

17.

The allegations of paragraph 17 are denied.

18.

The allegations of paragraph 18 are denied.

As to the section of the Complaint denominated "Count I - Negligence":

7

19.

In answer to paragraph 19, Defendant repeats and realleges where relevant its responses stated above.

20.

In answer to paragraph 20, Defendant admits that it was responsible for inputting the correct product into the system, but contends that Plaintiff was also responsible for confirming the correct product when he input his key card.

21.

The allegations of paragraph 21 are denied as phrased.

22.

The allegations of paragraph 22 are generally admitted.

23.

The allegations of paragraph 23 are denied as phrased.

24.

The allegations of paragraph 24 are generally admitted.

25.

The allegations of paragraph 25 are denied as phrased, however, Defendant shows that the unloading process was being performed by trained and authorized operators.

26.

The allegations of paragraph 26 and each of its subparts are denied.

As to the section of the Complaint denominated "Count II - Premises Liability":

27.

In answer to paragraph 27, Defendant repeats and realleges where relevant its responses stated above.

28.

The allegations of paragraph 28 are admitted.

29.

Defendant can neither admit nor deny the allegations of paragraph 29 for to do so would force Defendant to state a legal conclusion.

30.

The allegations of paragraph 30 are denied as phrased.

9

31.

The allegations of paragraph 31 are denied.

32.

The allegations of paragraph 32 are denied.

33.

The allegations of paragraph 33 are denied.

34.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 34 and accordingly can neither admit nor deny same, however, Defendant denies that Plaintiff was asked to assist in the unloading process as alleged.

35.

The allegations of paragraph 35 are denied.

As to the section of the Complaint denominated "Count III - Negligent Hiring, Retention, and Supervision":

36.

In answer to paragraph 36, Defendant repeats and realleges where relevant its responses stated above.

10

37.

Defendant can neither admit nor deny the allegations of paragraph 37 for to do so would force defendant to state a legal conclusion.

38.

Defendant can neither admit nor deny the allegations of paragraph 38 for to do so would force Defendant to state a legal conclusion.

39.

The allegations of paragraph 39 are denied.

40.

The allegations of paragraph 40 are denied.

41.

The allegations of paragraph 41 are denied.

42.

The allegations of paragraph 42 are denied.

43.

The allegations of paragraph 43 are denied.

44.

The allegations of paragraph 44 are denied.

11

As to the section of the Complaint denominated "Injuries and Compensatory Damages":

### 45.

In answer to paragraph 45, Defendant repeats and realleges where relevant its responses stated above.

### 46.

Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained in paragraph 46 and accordingly can neither admit nor deny same.

### 47.

The allegations of paragraph 47 are denied.

### 48.

The allegations of paragraph 48 are denied.

As to the section of the Complaint denominated "Attorneys' Fees and Expenses Pursuant to O.C.G.A. § 13-6-11":

### 49.

In answer to paragraph 49, Defendant repeats and realleges where relevant its responses stated above.

50.

The allegations of paragraph 50 are denied.

As to the section of the Complaint denominated "Punitive Damages":

51.

In answer to paragraph 51, Defendant repeats and realleges where relevant its responses stated above.

52.

The allegations of paragraph 52 are denied.

53.

In answer to the Complaint as a whole, Defendant denies any allegations not hereinbefore denied or otherwise responded to.

WHEREFORE, having fully responded to the Plaintiff's Complaint, Defendant Bitumar (Georgia), Inc. requests that its defenses be inquired into and the same be sustained, that it have judgment in its favor and against the Plaintiff, that all costs be taxed against the Plaintiff and that this Court enter such other and further relief as it deems just and proper under the circumstances.

13

SCRUDDER, BASS, QUILLIAN, HORLOCK,
LAZARUS & ADELE, LLP

/s/ Morgan B. Schroeder
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant*

900 Circle 75 Parkway, Suite 850
Atlanta, GA  30339
Telephone:  (770) 612-9200
Facsimile: (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

14

## CERTIFICATE OF SERVICE

This is to certify that I have this date presented the foregoing **ANSWER OF DEFENDANT** to the Clerk of Court for filing and uploading to the CM/ECF electronic filing system, and further certify that on this date I have served counsel of record with same via first-class mail:

> Robert M. Hammers, Jr., Esq.
> Christopher Carter, Esq.
> Schneider Hammers, LLC
> 5555 Glenridge Connector
> Suite 975
> Atlanta, GA 30342
>
> Katherine Edwards-Opperman
> Montlick & Associates, P.C.
> 17 Executive Park Drive
> Suite 300
> Atlanta, GA 30329

This 20th day of April, 2022.

> */s/ Morgan B. Schroeder*
> Morgan B. Schroeder

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JOVANNI GEORGE,

        Plaintiff,

v.

BITUMAR (GEORGIA), INC.

        Defendant.

CIVIL ACTION FILE NO.

## <u>CERTIFICATE OF INTERESTED PERSONS</u>
## <u>AND CORPORATE DISCLOSURE STATEMENT</u>

COMES NOW Defendant Bitumar (Georgia), Inc., and file its disclosure statements pursuant to Federal Rule of Civil Procedure 7.1.

1.    The undersigned counsel of record for a party to this action certifies that the following is a full and complete list of all parties in this action, including any parent corporation and any publicly held corporation that owns 10% or more of the stock of a party:

**Defendant: Bitumar (Georgia), Inc.**

2.    The undersigned further certifies that the following is a full and complete list of all other persons, associations, firms, partnerships, or corporations having either a financial interest in or other interest which could be substantially affected by the outcome of this particular case:

**Jovanni George**

Bitumar (Georgia), Inc.

Lexington Insurance Company

3.      The undersigned further certifies that the following is a full and complete list of all persons serving as attorneys for the parties in this proceeding:

Counsel for Plaintiff:          Robert M. Hammers, Jr.

                                Christopher Carter

                                Katherine Edwards-Opperman

Counsel for Defendants:         Glenn S. Bass

                                Morgan B. Schroeder


SCRUDDER, BASS, QUILLIAN, HORLOCK, LAZARUS & ADELE LLP

*/s/ Morgan B. Schroeder*
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Bitumar (Georgia), Inc.*

900 Circle 75 Parkway, N.W.
Suite 850
Atlanta, Georgia 30339
Telephone:  (770) 612-9200
Facsimile: (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

<u>CERTIFICATE OF SERVICE</u>[1]

I hereby certify that on this date, I electronically served the foregoing

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE**

**DISCLOSURE STATEMENT** using the CM/ECF system which will

automatically send e-mail notification of such filing to the following attorneys of

record and in addition to U.S. Mail:

> Robert M. Hammers, Jr., Esq.
> Christopher Carter, Esq.
> Schneider Hammers, LLC
> 5555 Glenridge Connector
> Suite 975
> Atlanta, GA 30342
>
> Katherine Edwards-Opperman
> Montlick & Associates, P.C.
> 17 Executive Park Drive
> Suite 300
> Atlanta, GA 30329

This 20 day of April, 2022.

> */s/ Morgan B. Schroeder*
> Morgan B. Schroeder

---

[1] The undersigned counsel certifies that this Notice of Removal has been typed in Times New Roman 14-point font in accordance with Local Rule 5.1(C).

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOVANNI GEORGE,                          )
                                         )
        Plaintiff,                       )
v.                                       )
                                         )     CIVIL ACTION NO. 22-C-01624-S5
BITUMAR (GEORGIA), INC.,                 )
                                         )
        Defendant.                       )

**<u>NOTICE TO COURT OF REMOVAL</u>**

PLEASE TAKE NOTICE that a Notice of Removal, a copy of which is attached hereto,

has been filed, pursuant to 28 U.S.C. § 1332, 1441, and 1446, by Bitumar (Georgia), Inc. with the

Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta

Division.

SCRUDDER, BASS, QUILLIAN, HORLOCK,
LAZARUS & ADELE, LLP

/s/ Morgan B. Schroeder
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant*

900 Circle 75 Parkway, Suite 850
Atlanta, GA  30339
Telephone: (770) 612-9200
Facsimile: (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE TO COURT OF REMOVAL** upon all parties to this matter by depositing a copy of the same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery and addressed to:

> Robert M. Hammers, Jr., Esq.
> Christopher Carter, Esq.
> Schneider Hammers, LLC
> 5555 Glenridge Connector
> Suite 975
> Atlanta, GA 30342
>
> Katherine Edwards-Opperman
> Montlick & Associates, P.C.
> 17 Executive Park Drive
> Suite 300
> Atlanta, GA 30329

This 20 day of April, 2022.

*/s/ Morgan B. Schroeder*
Morgan B. Schroeder

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

JOVANNI GEORGE,                          )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )
                                         )     CIVIL ACTION NO. 22-C-01624-S5
BITUMAR (GEORGIA), INC.,                 )
                                         )
          Defendant.                     )

## NOTICE TO ALL PARTIES OF FILING NOTICE OF REMOVAL

TO:   Jovanni George
      c/o Robert M. Hammers, Jr.
      Schneider Hammers, LLC
      5555 Glenridge Connector, Suite 975
      Atlanta, GA 30342

      Katherine Edwards Opperman, Esq.
      Montlick & Associates, P.C.
      17 Executive Park Drive, Suite 300
      Atlanta, GA 30329


      PLEASE TAKE NOTICE that a Notice of Removal, a copy of which is attached hereto,

has been filed, pursuant to 28 U.S.C. § 1332, 1441, and 1446, by Bitumar (Georgia), Inc. with the

Office of the Clerk of the United States District Court for the Northern District of Georgia, Atlanta

Division.

SCRUDDER, BASS, QUILLIAN, HORLOCK,
LAZARUS & ADELE, LLP

/s/ Morgan B. Schroeder
Glenn S. Bass
Georgia Bar No. 041220
Morgan B. Schroeder
Georgia Bar No. 186218
*Attorneys for Defendant*

900 Circle 75 Parkway, Suite 850
Atlanta, GA  30339
Telephone:  (770) 612-9200
Facsimile: (770) 612-9201
gbass@scrudderbass.com
mschroeder@scrudderbass.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE**

**TO COURT OF REMOVAL** upon all parties to this matter by depositing a copy of the same in

the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to

ensure delivery and addressed to:

        Robert M. Hammers, Jr., Esq.
        Christopher Carter, Esq.
        Schneider Hammers, LLC
        5555 Glenridge Connector
        Suite 975
        Atlanta, GA 30342

        Katherine Edwards-Opperman
        Montlick & Associates, P.C.
        17 Executive Park Drive
        Suite 300
        Atlanta, GA 30329

This 20 day of April, 2022.

                                   */s/ Morgan B. Schroeder*
                                   Morgan B. Schroeder